IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE CRUZ,<br><br>On behalf of himself and all other similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>CRATE & BARREL HOLDINGS, INC.; RXO LAST MILE, INC.; ABC CORPS. 1-10; and JANE AND JOHN DOES 1-10,<br><br>Defendants. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

**PLAINTIFF'S CLASS ACTION COMPLAINT FOR
VIOLATIONS OF NEW JERSEY WAGE AND HOUR LAW**

Plaintiff Jose Cruz (hereinafter "Plaintiff" or "Named Plaintiff"), by and through the undersigned counsel, individually and on behalf of members similarly situated, by way of Class Action Complaint against Defendants Crate & Barrel Holdings, Inc., RXO Last Mile, Inc., ABC Corps., and Jane and John Does 1-10 (collectively, "Defendants") for the willful failure to compensate Plaintiff and similarly situated individuals for overtime wages, seeking all relief available under

the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, et seq., states and alleges as follows:

## THE PARTIES

1. Plaintiff is a resident of Elizabeth, in the County of Union, and in the State of New Jersey.

2. Crate & Barrel Holdings, Inc. ("C&B") is a for-profit corporation with its corporate headquarters located at 1250 Techny Road, Northbrook, Illinois 60062.

3. RXO Last Mile, Inc. ("RXO") is a for-profit corporation with its corporate headquarters located at 1851 West Oak Parkway, Marietta, Georgia 30062.

4. Defendants ABC Corps. 1-10 and/or John/Jane Does 1-10 are currently unknown entities and/or natural persons, designated by fictitious names herein, who may also be liable to Plaintiff and the putative class members under the NJWHL.

5. Defendants ABC CORPS. 1-10 and/or JANE and JOHN DOES 1-10 are currently unknown entities and/or natural persons, designated by fictitious names herein, who may also be liable to the Plaintiff and the putative class members in this matter.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the action is between citizens of different States.

7. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants operated from and/or utilized a C&B Warehouse and/or distribution facility located at 353 Cranbury Half Acre Road, Cranbury, New Jersey 08512 (the "Cranbury Facility"), which is in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in the District of New Jersey.

## FACTUAL ALLEGATIONS

**A. Named Plaintiff Cruz**

8. Plaintiff is an individual, a United States citizen, and a resident of Elizabeth, New Jersey.

9. Plaintiff worked for Defendants from 2023 until 2024 and performed truck driving services of C&B furniture and goods from the Cranbury Facility to C&B's various customer locations.

10. At all relevant times, Plaintiff was non-exempt and eligible for overtime pay.

11. At all relevant times, Plaintiff was an "employee" of Defendants as defined in the NJWHL.

**B. Defendants C&B and RXO**

12. Defendant C&B is an international retailer of furniture, housewares, and home décor with over 100 stores and franchise partners.

13. Defendant RXO is a third-party logistics company that operates as a provider of "last mile" deliveries for its clients, including retailers and distributors of furniture, such as C&B.

14. Defendants C&B and RXO are authorized to do business in New Jersey and regularly conduct business in this judicial district, including from the Cranbury Facility.

15. To effectuate its services for C&B, RXO enters into agreements with entities and sole proprietorships that provide Drivers and Helpers to make the deliveries.

16. "Drivers" drive the trucks that deliver C&B's furniture and goods from Defendants' facilities or warehouses to C&B's customers.

17. "Helpers" travel with the Drivers to assist with deliveries and the assembly/installation of C&B's furniture and goods at Defendants' facilities or warehouses, on the road, and at customer homes.

18. At all times relevant herein, both C&B and RXO operated from and/or utilized the Cranbury Facility.

19. At all relevant times herein, RXO provided management and logistic services for C&B at and from the Cranbury Facility.

20. At all relevant times herein, C&B was an employer of Plaintiff, and certain other similarly situated persons ("putative class members"), as defined by the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, et seq.

21. Alternatively, at all relevant times herein, C&B was a "client employer," as defined by the New Jersey Wage-Theft Act, and is jointly and severally liable for the New Jersey wage claims asserted herein by Plaintiff and the putative class members. See N.J.S.A. 34:11-58.2.

22. RXO was at all relevant times herein, an employer of the Plaintiff and the putative class members as defined by the NJWHL.

23. Alternatively, at all relevant times herein, RXO was a "client employer" and/or "labor contractor," as defined by the New Jersey Wage-Theft Act, and is jointly and severally liable for the New Jersey wage claims asserted herein by Plaintiff and the Class Members. See N.J.S.A. 34:11-58.2.

24. Plaintiff and putative class members were assigned to perform non-exempt tasks as truck Drivers and/or Helpers for C&B and RXO at and from the Cranbury Facility.

25. Plaintiff and putative class members began and ended each workday at the Cranbury Facility.

26. C&B entered into business relationships with other entities, including RXO, Jane and John Does 1-10, and ABC Corps. 1-10, to conceal the fact that it had an employer-employee relationship with Plaintiff and putative class members.

27. At some time before or during the operation of the Cranbury Facility, C&B and RXO entered into one or more agreements to govern C&B's delivery operations from the Cranbury Facility.

28. C&B established procedures, protocols, and operational requirements ("Protocols") for the delivery of its furniture and goods from the Cranbury Facility.

29. C&B's Protocols are passed from C&B to RXO, which, in turn, passes along C&B's Protocols to the Drivers and Helpers.

30. The Protocols manifest and exhibit a high level of control and direction by C&B and RXO over the performance of the delivery services performed by Plaintiff and putative class members.

31. C&B and RXO also exert a high level of direct or indirect control, authority, and direction as a matter of fact over the performance of the delivery services performed by Plaintiff and putative class members.

32. C&B controls the manner and means in which Plaintiff and the putative class members perform their duties. Specifically, C&B established the time at which Plaintiff and the putative class members are required to report to work at C&B's Cranbury Facility. C&B also dictates the time each Driver/Helper team must arrive

at each delivery location.  C&B monitors the work performance of Plaintiff and the putative class members and assigns work according to that performance, which is determined based in part on customer surveys and scores collected by C&B.  C&B personnel point out areas of work improvement directly to the putative class members from time to time, and the putative class members must communicate with C&B employees while delivering their routes during the workday.  The putative class members must handle paperwork and invoices with C&B's customers.  The putative class members are required to wear a uniform designated by C&B.  C&B requires deliveries to be made by two-person teams and determines which days of the week deliveries are to be made.  C&B provides a customer care department to report problems and issues that arise during the workday.  C&B requires the installation and assembly of its merchandise.  C&B requires the putative class members to confirm deliveries.  C&B assigns daily truck routes and time frames for making deliveries. C&B personnel inspect the Cranbury Facility to oversee the delivery operations and even take video recordings to ensure the Cranbury Facility is operating according to C&B Protocols.  C&B maintains the authority to reprimand and terminate Plaintiff and the putative class members.

33.    RXO also controls the manner and means in which Plaintiff and the putative class members perform their delivery services. Specifically, RXO enforces all of C&B's Protocols at the Cranbury Facility.  RXO monitors the work

performance of Plaintiff and Class Members and assigns work according to that performance. RXO conducts morning standup meetings to: (i) discuss worker performance; (ii) provide instruction for performing deliveries; (iii) provide instruction for performing product assembly; (iv) provide instruction for performing product installation; (v) point out areas of delivery improvement; (vi) provide instruction for providing good quality service; and (vii) enforces C&B's uniform policy. Based on Glympse Survey results related to C&B deliveries, RXO even issues awards with Certificates of Achievement to the Drivers/Helpers. RXO also provides dispatch services at the Cranbury Facility to assist with issues and problems that arise while deliveries are being made. RXO has the authority to reprimand and terminate Plaintiff and the putative class members.

34. Plaintiff's and the putative class members' delivery services were performed within the usual course of Defendants' businesses; specifically, to complete delivery of C&B furniture and goods to C&B's customers.

35. Plaintiff's and the putative class members' delivery services were performed within Defendants' places of business; specifically, at the Cranbury Facility and at the homes of C&B's customers.

36. Plaintiff and the putative class members did not operate independently established businesses.

37. Plaintiff and the putative class members are not independent contractors as defined by N.J.S.A. 43:21-19(i)(6)(A)(B)(C), the test adopted and applied to "employment status" disputes under the NJWHL and NJWPL by the Supreme Court of New Jersey in Hargrove v. Sleepy's, LLC, 220 N.J. 289 (2015).

38. Defendants' relationship with Plaintiff and the Class Members, and misclassification of them as independent contractors, are a mechanism to surreptitiously attempt to insulate C&B and RXO from liability under New Jersey's wage laws and otherwise circumvent their legal obligations thereunder.

39. Plaintiff and the putative class members are not exempt under the NJWHL.

40. Plaintiff and the putative class members routinely work far in excess of forty (40) hours per week for Defendants and are not paid 1.5 times their regular hourly wage rate or 1.5 times the minimum wage rate when they work over forty (40) hours per week.

41. Plaintiff and the putative class members are paid on a daily, flat-fee basis, regardless of the number of hours they actually work in excess of forty (40) hours per week.

42. Defendants' ongoing, unlawful policy and/or practice of failing to pay Plaintiff and the putative class members for all time worked has resulted in Plaintiff and the putative class members being denied substantial legally-required

compensation and/or overtime payments given that Plaintiff and the putative class members routinely work(ed) in excess of forty (40) hours per week.

## CLASS ACTION ALLEGATIONS

43. Named Plaintiff brings claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of himself and all other members of the following class:

> All individuals who performed truck driving and/or helper functions at or from the Cranbury Facility and worked at least forty (40) hours of work in one or more workweeks beginning six (6) years prior to the filing of this Complaint and continuing through the date of judgment (the "Class" or the "Class Members").

44. The claims brought on behalf of the Class, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Class during the relevant time period above due to Defendants' willful violations.

45. The Class is so numerous that joinder of all Class Members is impracticable.

46. Questions of law and fact are common to the Class and predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation, (a) whether Defendants misclassified the Class as non-employees in violation of the NJWHL; (b) whether Defendants violated NJWHL by failing to pay

the Class for all overtime wages that they worked; (c) whether Defendants kept accurate records of the amount of time the Class was working each day; and (d) whether the unpaid and/or withheld compensation remains unpaid in violation of the NJWHL.

47. Plaintiff is a Class Member, his claims are typical of the claims of other Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other Class Members.

48. Plaintiff will fairly and adequately represent the Class Members and their interests, and he has retained competent and experienced counsel who will effectively represent the Class Members' interests.

49. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

50. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

51. Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds applicable to the Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Class as a whole.

52. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Class predominate over questions affecting individual members of the Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

53. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending New Jersey litigation on behalf of the Class as defined herein. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendants to vindicate their rights. Certification of this class as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT I

**(NEW JERSEY WAGE & HOUR LAW –
RULE 23 CLASS ACTION FOR UNPAID OVERTIME)**

54. All of the preceding paragraphs are realleged as if fully rewritten herein.

55. The NJWHL requires employers, such as Defendants, to compensate Named Plaintiff and the Class Members with an overtime rate of pay when they worked over forty (40) hours per week. See N.J.S.A. 34:11-56a, et seq.

56. Defendants' conduct against Named Plaintiff and the Class violates the New Jersey Wage and Hour Law, <u>N.J.S.A.</u> 34:11-56a, <u>et seq</u>., by failing to compensate Named Plaintiff and the Class for all the hours worked and/or by not paying legally required overtime when Named Plaintiff and the Class Members worked over forty (40) hours per week.

57. As a result of Defendants' conduct, Named Plaintiff and the Class have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest, attorneys' fees, and all other remedies available on behalf of himself and the Class Members.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendants and for an Order:

A. Certifying the proposed Rule 23 Class;

B. Finding that Defendants have failed to keep accurate records in accordance with New Jersey law and that Named Plaintiff and the Class Members are entitled to prove their hours worked with reasonable estimates;

C. Finding that Defendants' wage and hour policies and/or practices as alleged herein violate the NJWHL;

D. Declaring judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiff and the Class Members during the applicable statutory period under NJWHL and continuing through trial;

E. Declaring judgment against Defendants and awarding to Named Plaintiff and the Class Members unpaid compensation, including overtime wages, to be determined at trial, together with any liquidated damages allowed by New Jersey law;

F. Awarding to Named Plaintiff and the Class Members punitive, exemplary, and compensatory damages to the extent allowable under New Jersey law;

G. Awarding to Named Plaintiff a service award for his efforts in remedying various pay policies/practices as outlined above;

H. Awarding to Named Plaintiff and the Class Members costs and disbursements and reasonable allowances for fees of counsel and experts and reimbursement of expenses;

I. Directing Defendants to pay reasonable attorneys' fees and all costs connected with this action;

J. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

K.     Declaring judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

L.     Awarding such other and further relief as this Court may deem necessary, just, or proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Ravi Sattiraju, Esq. is hereby designated as lead trial counsel for Plaintiff.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I hereby certify that the matter in controversy herein is the subject of no other proceeding or arbitration nor is any other legal proceeding contemplated to the best of my information and belief.  Further, I know of no other party who should be joined in this lawsuit other than the currently unidentified John/Jane Does and ABC Corps.

Respectfully submitted,

*s/ Ravi Sattiraju*
Ravi Sattiraju (Bar # 035251998)
**SATTIRAJU & THARNEY, LLP**
50 Millstone Road, Building 300, Suite 202
East Windsor, New Jersey 08520
Telephone:  (609) 469-2110
Facsimile:  (609) 228-5649
Email:  rsattiraju@s-tlawfirm.com

Dated:  February 24, 2025